# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-951V
### Filed: December 21, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| BARBARA LYKINS, | * | |
| | * | |
| Petitioner, | * | Ruling on Entitlement; Concession; |
| | * | Influenza ("Flu") Vaccination; Shoulder |
| | * | Injury Related to Vaccine Administration |
| SECRETARY OF HEALTH | * | ("SIRVA"); Special Processing Unit |
| AND HUMAN SERVICES, | * | ("SPU") |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Mark Paul Schloegel, Popham Law Firm, Kansas City, MO, for petitioner.*
*Justine Walters, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On August 31, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered a shoulder injury related to vaccine administration ["SIRVA"] as a result of her October 9, 2012 influenza ["flu"] vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 18, 2015, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent "has concluded that a preponderance of the evidence establishes that petitioner's injury is consistent with SIRVA, and that petitioner's injury is not due to factors unrelated to her October 9, 2012, flu vaccination." *Id.* at 3. Additionally, "respondent has concluded that petitioner's left shoulder injury is

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensable as a 'caused-in-fact' injury under the Act." *Id.* Respondent further agrees that the records demonstrate that petitioner's claim was timely filed, and involved a vaccination received in the United States and covered by the Vaccine Injury Table. *Id.* at 4. Respondent also agrees that the records indicate that petitioner has suffered from her condition from more than six months, and that the petition indicates that no civil action or proceedings have been pursued in connection with this injury. *Id.*

**In view of respondent's concession and the evidence before me, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master